UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

331 WEST 38TH STREET LLC,

       Plaintiff,

   -against-

PENN-STAR INSURANCE COMPANY,

       Defendant.

-------------------------------------------------------------------X

Case No.: 1:26-cv-01542-GHW

AMENDED
**COMPLAINT**

Plaintiff 331 WEST 38TH STREET LLC ("Plaintiff" or "West 38th Street"), by its attorneys, TRAVIS LAW PLLC, complaining of Defendant PENN-STAR INSURANCE COMPANY ("Defendant" or "Penn-Star"), alleges the following upon information and belief:

## INTRODUCTION

1. Plaintiff brings this action for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and for damages for breach of contract and breach of the implied covenant of good faith and fair dealing, arising from Penn-Star's wrongful refusal to defend and indemnify Plaintiff in an underlying personal injury action captioned *Gustavo Chavez v. 331 West 38th Street LLC*, Index No. 521423/2021, Supreme Court, Kings County (the "Chavez Action").

2. Penn-Star issued a commercial general liability insurance policy to Plaintiff that was in effect at the time of the incident giving rise to the Chavez Action. Penn-Star disclaimed coverage based on a policy endorsement that, when properly construed under New York law, does not exclude coverage for the claims asserted in the Chavez Action. Penn-Star's disclaimer was wrongful as a matter of law for multiple independent reasons, including: (a) the exclusion upon which Penn-Star relies is ambiguous and must be construed against Penn-Star; (b) the factual predicate upon which Penn-Star relied in disclaiming coverage – that the injured plaintiff was an

1

employee of an independent contractor – is contradicted by sworn testimony and documentary evidence; and (c) Penn-Star failed to disclaim coverage as soon as was reasonably possible as required by Insurance Law § 3420(d)(2).

## PARTIES

3.     Plaintiff West 38th Street is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 7412 20th Avenue, Brooklyn, New York 11204. Plaintiff's sole member resides in Brooklyn, New York.

4.     Upon information and belief, Defendant Penn-Star is a foreign insurance corporation incorporated under the laws of the Commonwealth of Pennsylvania, with a principal place of business in the state of Pennsylvania.

5.     Upon information and belief, Penn-Star is a provider of insurance products, including but not limited to commercial general liability insurance policies.

6.     Upon information and belief, Penn-Star is authorized to transact, and does in fact transact, insurance business in the State of New York.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a limited liability company organized under the laws of New York with its principal place of business in New York and whose sole member resides in Brooklyn, New York, and is therefore a citizen of the State of New York. Defendant Penn-Star is a corporation incorporated under the laws of the

2

Commonwealth of Pennsylvania with its principal place of business in Pennsylvania, and is therefore a citizen of the Commonwealth of Pennsylvania.

8.      This Court also has subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, to declare the rights and legal relations of the parties with respect to the insurance coverage dispute at issue herein.

9.      This Court has personal jurisdiction over Penn-Star because Penn-Star regularly transacts business within the State of New York, including the issuance of the insurance policy at issue herein, and Penn-Star's contacts with this District are sufficient to establish jurisdiction under New York CPLR § 302(a)(1).

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the issuance of the Policy, the occurrence of the underlying accident, and Penn-Star's wrongful disclaimer of coverage.

11.     The amount in controversy exceeds $75,000, exclusive of interest and costs, based on the value of the insurance coverage at issue, including Penn-Star's obligations to defend and indemnify Plaintiff in the Chavez Action, the Policy's per-occurrence limit of $1,000,000, and Plaintiff's attorneys' fees and related costs.

## THE INSURANCE POLICY

12.     Penn-Star sold Plaintiff a commercial general liability policy, Policy No. PAV0264920 (the "Policy"), for the policy period of August 30, 2020, through August 30, 2021. A true and accurate copy of the Policy is attached hereto as **Exhibit 1**.

13.     The Policy provides, in relevant part, that Penn-Star "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *See* Exh. 1, Section I – Coverage A(1)(a).

14.     The Policy further provides that Penn-Star "will have the right and duty to defend the insured against any 'suit' seeking those damages." *Id*.

15.     The Policy's limits of insurance include, but are not limited to, $1,000,000 per "occurrence" with a general aggregate limit of $2,000,000. *See id*. at Declarations.

16.     Between August 30, 2020, and August 30, 2021, the Policy was the only commercial general liability policy owned by Plaintiff.

17.     The Policy contains an endorsement titled "Exclusion – Injury to Independent Contractors" (the "Endorsement"), which provides:

> This insurance does not apply to "bodily injury" to any independent contractor, subcontractor, any "employee" of any independent contractor or subcontractor, or any casual laborer or "volunteer worker" while performing any work for you.

*See Exh. 1* at p. 45.

## THE CHAVEZ ACTION

18.     On August 20, 2021, Gustavo Chavez ("Chavez") commenced the Chavez Action against Plaintiff in Supreme Court, Kings County, Index No. 521423/2021. Chavez's Summons and Verified Complaint (NYSCEF Doc. No. 1) (the "Chavez Complaint") is incorporated herein by reference as though set forth at length, without admitting the truth of the allegations contained therein, and without prejudice to Plaintiff's interests. A true and accurate copy of the Chavez Complaint is attached hereto as **Exhibit 2**.

19.     The Chavez Complaint alleges that on August 5, 2021, Chavez sustained personal injuries while performing construction work at 331 West 38th Street, New York, NY 10018 (the "Property"). The date of loss falls squarely within the Policy period.

20.     The Chavez Complaint asserts causes of action for, inter alia, violations of New York Labor Law §§ 200, 240(1), and 241(6), and Rule 23 of the Industrial Code of the State of New York.

21.     The Chavez Complaint appears to allege that Chavez was employed by Rennon Construction Corp. ("Rennon") at the time of the incident. *See* Exh. 2 at ¶¶19–20.

22.     Plaintiff interposed an Answer to the Chavez Complaint on August 11, 2022 (NYSCEF Doc. No. 16). A true and accurate copy of the Answer is attached hereto as **Exhibit 3**.

**PENN-STAR'S WRONGFUL DISCLAIMER OF COVERAGE**

23.     On or about August 2021, Plaintiff timely notified Penn-Star that the Chavez Action had been commenced and tendered the defense of same to Penn-Star, along with a copy of the Chavez Complaint.

24.     In a letter dated February 18, 2022, Global Indemnity Group, LLC, on behalf of Penn-Star, acknowledged receipt of the Chavez Complaint and disclaimed coverage for the Chavez Action. A true and accurate copy of the coverage disclaimer (the "Disclaimer Letter") is attached hereto as **Exhibit 4**.

25.     Penn-Star's Disclaimer Letter stated that Penn-Star would "not defend and/or indemnify 331 W 38th Street LLC based on the Exclusion – Injury to Independent Contractors which is endorsed to the policy."

26.     Penn-Star's Disclaimer Letter concluded that, "[a]ccording to the complaint, the plaintiff is an employee of an independent contractor, RENNON CONSTRUCTION CORP. Since

he was injured while performing work for you, the Exclusion – Injury to Independent Contractors endorsement cited above applies to this suit."

27. Penn-Star's disclaimer was wrongful because the entire disclaimer rests on the premise that Chavez was an "employee" of Rennon, an independent contractor.

28. This premise is false, or at a minimum, in substantial dispute.

29. Rennon's custodian of records has executed a sworn affidavit (the "Rennon Affidavit") stating, under penalty of perjury, that: (a) following a diligent search of Rennon's records kept in the normal course of business, Rennon does not have employment records for Gustavo Chavez; and (b) Gustavo Chavez has never been employed by Rennon Construction Corp. A true and accurate copy of the Rennon Affidavit is attached hereto as **Exhibit 5**.

30. Chavez's own deposition testimony in the Chavez Action further undermines the factual basis for Penn-Star's disclaimer. Chavez testified that he could not name a supervisor at Rennon, could not identify co-workers who could verify his employment, and stated he was hired informally by "asking around."

31. Chavez also testified that he does not recall whether he was ever employed at Utmost Construction Corp. ("Utmost"), though his counsel provided a work authorization bearing his apparent signature for Utmost. This conflicting evidence further demonstrates the uncertainty surrounding Chavez's employment status at the time of the incident.

32. Because the factual predicate for Penn-Star's application of the Endorsement – that Chavez was an "employee" of Rennon or any other independent contractor – is directly contradicted by Rennon's own sworn statement and is, at best, in genuine dispute, Penn-Star's disclaimer was wrongful as a matter of law.

**THE ENDORSEMENT DOES NOT EXCLUDE COVERAGE**
**FOR THE CLAIMS IN THE CHAVEZ ACTION**

6

33.     Under well-settled New York law, the interpretation of an insurance policy is a question of law for the court.

34.     Where an insurance policy is ambiguous, the ambiguity must be resolved in favor of the insured.

35.     The critical language of the Endorsement is the phrase "while performing any work for you." The word "you" in the Policy refers to the Named Insured—Plaintiff 331 West 38th Street LLC.

36.     Chavez was not performing work "for" Plaintiff. According to the Chavez Complaint itself, Chavez was performing work for his employer – which the Complaint identifies as Rennon. Rennon, in turn, was performing work as a subcontractor of Bright Zone Construction Corp. ("Bright Zone"), which had been retained by Plaintiff. Chavez was therefore performing work for Rennon, not for Plaintiff.

37.     The phrase "performing any work for you" is reasonably susceptible to at least two interpretations: (a) performing any work that ultimately benefits the insured, as Penn-Star contends; or (b) performing any work directly for the insured under a direct employment or contractual relationship. This ambiguity must be resolved in favor of coverage.

38.     Under the narrower and equally reasonable interpretation, the Endorsement excludes coverage only when the injured party was performing work directly for the Named Insured, not when the injured party was performing work for an independent contractor who was, in turn, retained by the Named Insured. Because Chavez was, at most, performing work for Rennon – not directly for Plaintiff – the Endorsement does not apply.

39.     An insurer's duty to defend is exceedingly broad and far more expansive than the duty to indemnify.

40.    The insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be, if the claim is within the embrace of the policy.

41.    Here, the Chavez Complaint alleges an occurrence – bodily injury caused by an accident at a premises owned by Plaintiff – that falls squarely within the Policy's insuring agreement. Given the ambiguity in the Endorsement, the disputed factual basis of Chavez's employment status, and the broad duty to defend, Penn-Star was and remains obligated to provide a defense in the Chavez Action.

42.    Where the complaint's allegations even suggest a reasonable possibility of coverage, the insurer must defend.

43.    Penn-Star's Disclaimer Letter improperly relied on its own characterization of the facts – specifically, that Chavez was an "employee of an independent contractor" who was "injured while performing work for you" – rather than analyzing whether the four corners of the Chavez Complaint, liberally construed, give rise to a reasonable possibility of coverage.

44.    Because the Chavez Complaint does not conclusively establish that Chavez was performing work "for" Plaintiff within the meaning of the Endorsement and because the evidence now demonstrates that Chavez may not have been an employee of any independent contractor at all, Penn-Star's disclaimer was improper.

## PENN-STAR'S DISCLAIMER WAS UNTIMELY

45.    Insurance Law § 3420(d)(2) requires that, when an insurer disclaims coverage for death or bodily injury arising out of a policy issued in New York, "the insurer shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant."

8

46.     The Chavez Action was commenced on August 20, 2021, and Plaintiff timely tendered the matter to Penn-Star. Penn-Star did not issue its Disclaimer Letter until February 18, 2022 – approximately five to six months after receiving notice of the claim.

47.     The grounds for Penn-Star's disclaimer – the application of the Endorsement to exclude coverage for injuries to employees of independent contractors – were apparent from the face of the Chavez Complaint upon Penn-Star's receipt of same. Penn-Star did not require any independent investigation or discovery to determine whether the Endorsement applied; the Complaint plainly alleged that Chavez was performing construction work at the Property.

48.     A delay of approximately two months is untimely where the basis for the disclaimer was readily apparent from the face of the underlying complaint.

49.     Penn-Star's delay of approximately five to six months in disclaiming coverage, where the basis for the disclaimer was apparent on the face of the Complaint, was unreasonable as a matter of law. Accordingly, Penn-Star is estopped from disclaiming coverage pursuant to Insurance Law § 3420(d)(2).

**AS AND FOR A FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT**

50.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth in paragraphs 1 through 49 above, inclusive, with the same force and effect as if set forth at length herein.

51.     There exists a justiciable controversy between Plaintiff and Penn-Star as to whether Penn-Star is obligated to defend and indemnify Plaintiff in the Chavez Action under the Policy.

52.     Plaintiff has no adequate remedy at law to resolve this controversy.

53.     Plaintiff is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202 declaring that: (a) Penn-Star is obligated to defend Plaintiff in the Chavez Action; (b) Penn-Star is

obligated to indemnify Plaintiff in the Chavez Action; (c) the Endorsement does not exclude coverage for the claims asserted in the Chavez Action; and (d) Penn-Star's disclaimer was untimely and is therefore void pursuant to Insurance Law § 3420(d)(2).

## AS AND FOR A SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

54.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in paragraphs 1 through 53 above, inclusive, with the same force and effect as if set forth at length herein.

55.    The Policy is a valid and binding contract between Plaintiff and Penn-Star.

56.    Plaintiff performed all conditions precedent to Penn-Star's obligations under the Policy, including timely payment of premiums and timely notice of the Chavez Action.

57.    Penn-Star breached the Policy by wrongfully refusing and failing to defend and indemnify Plaintiff in the Chavez Action.

58.    As a direct and proximate result of Penn-Star's breach, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial, including but not limited to Plaintiff's attorneys' fees and expenses in defending the Chavez Action, and any judgment or settlement that Chavez may recover against Plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

59.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in paragraphs 1 through 58 above, inclusive, with the same force and effect as if set forth at length herein.

60.    Implicit in every contract is a covenant of good faith and fair dealing, which encompasses any promise that a reasonable person in the position of the promisee would be justified in understanding was included in the agreement.

10

61.    Penn-Star breached its implied covenant of good faith and fair dealing by: (a) disclaiming coverage based on an overly broad and strained reading of the Endorsement that is inconsistent with the reasonable expectations of the insured; (b) refusing to investigate the factual circumstances underlying the claim before issuing its disclaimer; and (c) issuing a blanket disclaimer that failed to adequately analyze whether the Endorsement actually applied to the specific facts of the Chavez Action.

62.    As a direct and proximate result of Penn-Star's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff 331 West 38th Street LLC respectfully requests judgment as follows:

(a)    Declaring that Penn-Star owes a duty to defend and indemnify Plaintiff in connection with the Chavez Action;

(b)    Declaring that the Endorsement does not exclude coverage for the claims asserted in the Chavez Action;

(c)    Declaring that Penn-Star's disclaimer of coverage was untimely and is therefore void pursuant to Insurance Law § 3420(d)(2);

(d)    Declaring that Penn-Star is required to pay any judgment or settlement that Chavez may recover against Plaintiff in the Chavez Action;

(e)    Awarding Plaintiff compensatory damages in an amount to be determined at trial for Penn-Star's breach of contract and breach of the implied covenant of good faith and fair dealing;

11

(f)     Awarding Plaintiff all attorneys' fees and related costs incurred to date in the

Chavez Action, and declaring that Penn-Star must reimburse Plaintiff for all legal

fees and related expenses that it has incurred and will continue to incur in

connection with the defense of the Chavez Action;

(g)     Awarding Plaintiff the attorneys' fees and costs incurred in prosecuting this action;

(h)     Awarding Plaintiff prejudgment interest pursuant to CPLR § 5001; and

(i)     Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable in this action.

Dated:  New York, New York
        March 2, 2026

                          **TRAVIS LAW PLLC**


                          Christopher R. Travis, Esq.
                          *Attorneys for Plaintiff*
                          40 Wall Street, Suite 2508
                          New York, New York 10005
                          Tel: (212) 248-2120
                          ctravis@travislawnyc.com

12